**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 12-20066-29-KHV |
| ATAVEN TATUM, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

A grand jury charged Ataven Tatum and some 50 other defendants with conspiracy to manufacture, to possess with intent to distribute and to distribute 280 grams or more of cocaine base and to possess with intent to distribute and to distribute five kilograms or more of a mixture and substance containing cocaine. See Second Superseding Indictment (Doc. #402), Count 1. The grand jury also charged Tatum with (1) six counts of distribution of cocaine base, (2) manufacturing 280 grams or more of cocaine base, (3) three counts of using a cellular telephone in facilitating the charged conspiracy in Count 1, (4) distribution of cocaine and (5) maintaining a residence to store and distribute cocaine and cocaine base. See id., Counts 23, 27, 84, 88-92, 94-96, 99. This case is before the Court on defendant's Motion To Suppress Evidence Obtained From The Electronic Surveillance (Doc. #762) filed June 10, 2013. On July 17, 2013, the Court held an evidentiary hearing. For reasons stated below, the Court overrules defendant's motion.

## Factual Background

On March 15 and 26, 2012, as part of the investigation in this case, the government applied for and obtained orders authorizing interception of wire communications for two of defendant's

phones – target phone #1 (816-501-6888) and target phone #2 (816-437-4277). Defendant seeks to suppress evidence of intercepted communications on these phones.

## Analysis

### I. Necessity Of Wiretaps

Defendant argues that the government unlawfully intercepted wire communications on both target phones because the government did not establish necessity for the wiretaps.[1] Each wiretap application must include "a full and complete statement" whether "other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c). This rule is known as the "necessity" requirement. See United States v. Mondragon, 52 F.3d 291, 293 (10th Cir. 1995). In addition, the judge issuing the wiretap order must find that "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(3)(c). "Normal" investigative procedures include standard visual and aural surveillance, questioning witnesses and participants in the crime (including through the use of grand juries), search warrants and infiltration of criminal enterprises by undercover agents or confidential informants. United States v. Killingsworth, 117 F.3d 1159, 1163 (10th Cir. 1997). The purpose of the necessity requirement is to ensure that wiretapping, which is relatively intrusive compared with other

---

[1] Nathan Doleshal, a police officer for the Police Department of Kansas City, Kansas obtained the wiretaps under Kansas law which substantially conforms to Title III. See K.S.A. § 22-2516; United States v. Savaiano, 843 F.2d 1280, 1291-92 (10th Cir. 1988). The federal statute incorporates the state procedure. See 18 U.S.C. § 2516(2); United States v. Armendariz, 922 F.2d 602, 607 (10th Cir. 1990). The Court applies federal standards to determine whether the evidence derived from the interceptions is admissible. Elkins v. United States, 364 U.S. 206 (1960); Armendariz, 922 F.2d at 607.

investigative methods, is not used in situations where traditional investigative techniques would be sufficient to expose the criminal activity. United States v. Edwards, 69 F.3d 419, 429 (10th Cir. 1995). Evidence obtained through a wiretap order that does not meet the necessity requirement must be suppressed. 18 U.S.C. § 2518(10)(a).

As part of the necessity showing under Section 2518, the government is not required to exhaust all other conceivable investigative procedures. Edwards, 69 F.3d at 429 (quotations omitted). Thus, in examining necessity challenges to wiretap orders, the Tenth Circuit has upheld the order where

> (1) several investigatory methods had been utilized prior to resort to wiretapping; (2) normal investigative techniques had been frustrated by various problems local police were unable to overcome; (3) increased visual surveillance would have increased the possibility of detection; and (4) potential witnesses were unwilling to testify in court because of fear of reprisal.

United States v. Zapata, 546 F.3d 1179, 1186 (10th Cir. 2008) (quoting Edwards, 69 F.3d at 429-30).

Here, the affidavits submitted in support of the Title III applications show that law enforcement officers used a variety of investigative techniques including informants, controlled purchases, toll analysis and surveillance. While these traditional techniques produced some results, the affidavits demonstrated that they were insufficient. The affidavits noted that officers did not use additional cooperating individuals because the two confidential sources were unwilling to be identified or testify for fear of their safety. See Exhibit 2 ¶¶ 80-81, 105, Exhibit 5 ¶¶ 91-92, 110. The affidavits outlined a history of violence associated with defendant and his associates including murder and threats against law enforcement. See Exhibit 2 ¶¶ 14-31, Exhibit 5 ¶¶ 14-31. In particular, the affidavit outlined information which directly connected defendant to the murder of a suspected cooperating witness and the four individuals in his presence. See Exhibit 2 ¶¶ 14-31,

-3-

Exhibit 5 ¶¶ 14-31.

The Court recognizes that the affidavit contains some boilerplate language and that additional factual detail could more persuasively establish the need for wiretaps. Even so, the affidavits (some 30 pages each) sufficiently give "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c); see Mondragon, 52 F.3d at 293. In addition, the affidavits provide sufficient factual detail for the issuing judge to find that "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(3)(c); see Killingsworth, 117 F.3d at 1163. The Court therefore overrules defendant's motion to suppress based on the necessity for the wiretaps.

## II.     **Information Omitted From Affidavits**

At the hearing on the motion to suppress, defendant argued that certain information was omitted from the affidavits in support of the wiretap applications. Defendant may challenge a facially sufficient affidavit on the ground that police knowingly, intentionally or recklessly included falsehoods or omissions that were material to the issuing judge's finding of necessity. United States v. Hall, 473 F.3d 1295, 1301 (10th Cir. 2007); United States v. Small, 423 F.3d 1164, 1172 (10th Cir. 2005); see Franks v. Delaware, 438 U.S. 154, 155-56 (1978). The test for materiality is determined by examining the affidavit as if the omitted information had been included and inquiring if the affidavit would still have supported the issuing judge's finding. See Stewart v. Donges, 915 F.2d 572, 582 n.13 (10th Cir. 1990). Defendant bears the burden of overcoming the presumption that the district court wiretap authorization was proper. Small, 423 F.3d at 1172.

Defendant has not met his burden to show that the affidavits in support of the wiretap applications contain material false omissions or that law enforcement officers intentionally or recklessly omitted material information. Defendant takes issue with the statement in the affidavits that government agents did not know defendant's source or sources of supply. Defendant claims that this statement is inaccurate because the affidavits omitted the fact that agents had identified Djuane Sykes as a source of supply for defendant. As the government explained at the hearing, however, the information regarding Sykes as a potential supply source related to a single purchase some seven months earlier. The government was unable to determine whether that purchase was an isolated incident or part of an ongoing relationship between Tatum and Sykes. Based on the entire record, the Court finds that defendant has not satisfied his burden to show that police knowingly, intentionally or recklessly omitted information which was material to the issuing judge's finding that the wiretaps were necessary. Accordingly, the Court overrules defendant's motion to suppress on this ground.

**IT IS THEREFORE ORDERED** that defendant's Motion To Suppress Evidence Obtained From The Electronic Surveillance (Doc. #762) filed June 10, 2013 be and hereby is **OVERRULED**.

Dated this 25th day of July, 2013, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge