IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 12-20066-29-KHV |
| ATAVEN TATUM, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

On January 7, 2014, the Court sentenced defendant to 270 months in prison. This matter is before the Court on defendant's pro se Motion For Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A) And Motion For Appointment Of Counsel (Doc. #2386) and his Motion For Judicial Recommendation To The Federal Bureau Of Prisons For 12 Months RRC Placement - Six Months Halfway House And Six Months Home Confinement (Doc. #2387), both filed September 20, 2024. For reasons stated below, the Court overrules defendant's motions.[1]

---

[1] Defendant asks the Court to appoint counsel to assist him with his motions. Defendant has no constitutional or statutory right to appointment of counsel in the prosecution of a compassionate release motion or a motion for judicial recommendation of placement at a residential re-entry center or on home confinement. See Coronado v. Ward, 517 F.3d 1212, 1218 (10th Cir. 2008) (no constitutional right to counsel beyond direct appeal of criminal conviction); see also United States v. Campos, 630 F. App'x 813, 816 (10th Cir. 2015) (right to counsel does not extend to § 3582(c)(2) motion). In determining whether to appoint counsel, the Court considers several factors including (1) the merit of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his or her claims; and (4) the complexity of the claims involved. See Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991). Applying these factors, defendant is not entitled to counsel. As explained below, defendant's claims lack merit. In addition, defendant's claims are not particularly complex factually or legally. Finally, defendant appears able to adequately present his claims. For these reasons, the Court overrules defendant's request for counsel.

Defendant also seeks leave to file his reply brief out of time. See defendant's letter (Doc.
(continued...)

**Factual And Procedural Background**

On October 3, 2012, a grand jury charged Ataven Tatum and some 50 other defendants with conspiracy to manufacture, to possess with intent to distribute and to distribute 280 grams or more of cocaine base and to possess with intent to distribute and to distribute five kilograms or more of a mixture and substance containing cocaine. See Second Superseding Indictment (Doc. #402), Count 1. The statutory penalty under Count 1 included a mandatory term of imprisonment of ten years to life. See 21 U.S.C. § 841(b)(1)(A)(ii), (iii). On June 17, 2013, the government filed a notice that defendant had a prior felony drug conviction which increased the statutory minimum to 20 years in prison. See Enhancement Information (Doc. #789).

On August 20, 2013, under Rule 11(c)(1)(C), Fed. R. Crim. P., defendant pled guilty to Count 1 under a plea agreement which proposed a sentence of 270 months in prison and ten years of supervised release. See Plea Agreement Pursuant To Fed. R. Crim. P. 11(c)(1)(C) (Doc. #967), ¶ 4. At sentencing, the Court found that defendant was accountable for 4.6 kilograms of cocaine base for a base offense level of 36 under the United States Sentencing Guidelines ("U.S.S.G."), Section 2D1.1(c)(2). See Presentence Investigation Report ("PSR") (Doc. #1194) filed December 27, 2013, ¶¶ 114–15, 120. The Court enhanced defendant's offense level two levels because of the nexus between firearms and the offense, two levels because he maintained a residence for the purpose of manufacturing and distributing cocaine and crack cocaine, and three levels because he was a manager or supervisor in criminal conduct that involved five or more participants. See id., ¶¶ 121–22, 124; U.S.S.G. §§ 2D1.1(b)(1), 2D1.1(b)(12), 3B1.1(b). After a two-level reduction for acceptance of responsibility, defendant had a total offense level of 41

---

[1](. . .continued)
#2395) filed December 9, 2024. Because the U.S. Postal Service returned defendant's reply brief as undeliverable, the Court sustains his request to file his reply brief out of time.

with a criminal history category VI for a guideline range of 360 months to life in prison. See id., ¶¶ 128–29, 186. On January 7, 2014, consistent with the recommended sentence in the plea agreement, the Court sentenced defendant to 270 months in prison and ten years of supervised release. See Judgment In A Criminal Case (Doc. #1218) at 2–3.

Defendant currently is confined at FCI Leavenworth, a Bureau of Prisons ("BOP") facility in Leavenworth, Kansas. Defendant previously was confined at FCI Elkton, a BOP facility in Elkton, Ohio. With good time credit, defendant's projected release date is November 11, 2031.

On September 20, 2024, defendant filed a motion for compassionate release. Defendant seeks release because (1) if sentenced today, the statutory minimum sentence for his offense would be 15 years rather than 20 years; (2) at FCI Elkton during the COVID-19 pandemic, BOP staff subjected him to cruel and unusual punishment; (3) at FCI Leavenworth, BOP staff subjected him to cruel and unusual punishment; (4) the warden did not respond to his request for compassionate release; and (5) he needs to care for his ailing mother. Defendant also filed a motion for a judicial recommendation to the BOP for placement at a residential re-entry center or on home confinement for the final 12 months of his custody sentence.

## Analysis

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Congress has set forth only three limited circumstances in which a court may modify a sentence: (1) upon motion of the BOP Director or defendant under Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35" of the Federal Rules of Criminal Procedure; and (3) when defendant has been sentenced "based on a sentencing

range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c).

**I.      Relief Under Compassionate Release Statute**

Under the First Step Act of 2018, the Court may order compassionate release for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

   A.      Exhaustion Of Administrative Remedies

The government argues that the Court should dismiss defendant's fourth and fifth claims because he did not exhaust administrative remedies. Response Of The United States To Defendant's Second Motion For Compassionate Release (Doc. #2388) filed October 7, 2024 at 4–5. The Court may entertain requests for compassionate release only upon a motion of the BOP or of defendant after he submits a request to the BOP and the earlier of (1) when he "fully exhaust[s] all administrative rights to appeal" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A).

The compassionate release statute does not specify whether in an administrative request, an inmate must raise every issue that he subsequently raises in his compassionate release motion. Likewise, the Tenth Circuit has not addressed this issue in a published opinion.[2] Neither the statute nor the BOP regulation relating to filing an administrative request specify that a district court can consider only the grounds which an inmate raises in his administrative request. See 18 U.S.C. § 3582(c)(1)(A) (inmate may bring motion after either (1) he fully exhausted all

---

[2] In an unpublished opinion, the Tenth Circuit has held that the district court must evaluate exhaustion as to each issue raised in a motion for compassionate release. See United States v. Gieswein, 832 F. App'x 576, 578 (10th Cir. 2021) (because defendant's request to warden did not include COVID-19 as reason for compassionate release, district court properly dismissed that portion of motion); see also United States v. Williams, 987 F.3d 700, 703 (7th Cir. 2021) (inmate required to present same or similar ground for compassionate release in request to BOP as in subsequent motion). But cf. United States v. Ferguson, 55 F.4th 262, 268 (4th Cir. 2022) (compassionate release motion not limited to those grounds which defendant identified in request to BOP), cert. denied, 144 S. Ct. 1007 (2024).

administrative rights to appeal failure of BOP to bring motion on his behalf or (2) lapse of 30 days from warden's receipt of request for release); 28 C.F.R. § 571.61(a)(1) (inmate must include circumstances that he believes warrant consideration).  Here, as defendant notes, the BOP limits how many characters an inmate can include in his request, which he asserts encouraged him to include only the first three reasons in his request.  The purpose of the administrative process is for the BOP to determine whether to use government resources to seek compassionate release—not to adjudicate the merits of an inmate's request.  Ferguson, 55 F.4th at 269.  Because the administrative process for compassionate release requests is not adversarial, the Court has a weaker justification to require exhaustion on each issue.  Id.; see Sims v. Apfel, 530 U.S. 103, 109 (2000) ("desirability of a court imposing a requirement of issue exhaustion depends on the degree to which the analogy to normal adversarial litigation applies in a particular administrative proceeding;" where "administrative proceeding is not adversarial, we think the reasons for a court to require issue exhaustion are much weaker").  In addition, the warden here did not respond at all to defendant's request for release and the government has not suggested that the warden would do so now if defendant filed a supplemental request limited to his fourth and fifth claims.  Finally, because the government argues that defendant's fourth and fifth claims lack substantive merit, it has effectively conceded that exhaustion of those claims would be futile.  For these reasons, the Court overrules the government's request to dismiss defendant's fourth and fifth claims for lack of exhaustion.

    B.    Extraordinary And Compelling Reasons For Release

        1.    **Change In Law**

Defendant asks the Court to reduce his sentence because if sentenced today, the statutory minimum term of imprisonment would be 15 years instead of 20 years.  In addition, the

Court notes that if sentenced today, defendant's total offense level would be 39 rather than 41.[3] To warrant relief based on a non-retroactive change in law, defendant must show that (1) he received an unusually long sentence, (2) he has served at least ten years of the term of imprisonment and (3) a change in law since sentencing would produce a gross disparity between the sentence being served and the sentence likely to be imposed today. U.S.S.G. § 1B1.13(b)(6). Defendant has not shown that any changes in law created a gross disparity between his sentence of 270 months and the sentence likely to be imposed if he were resentenced today. Indeed, even with the reduction in the mandatory minimum and defendant's total offense level, his guideline range remains 360 months to life. Defendant has not shown extraordinary and compelling reasons based on any change in law.[4]

### 2. Cruel And Unusual Punishment At FCI Elkton

Defendant argues that harsh prison conditions at FCI Elkton during the COVID-19 pandemic constituted cruel and unusual punishment and warrant compassionate release. Defendant has not shown that the conditions at FCI Elkton during the pandemic—in combination with the circumstances of his case—is an extraordinary and compelling reason or that this reason is similar in gravity to the circumstances identified in the first four categories of the applicable policy statement, U.S.S.G. § 1B1.13(b)(5). To the extent that defendant attempts

---

[3] As noted above, at sentencing, the Court found that defendant was accountable for 4.6 kilograms of cocaine base for a base offense level of 36. Under the current Guidelines, defendant's base offense level would be 34. See U.S.S.G. § 2D1.1(c)(3) (Nov. 1, 2024).

[4] To the extent that defendant argues that extraordinary and compelling reasons exist because the sentence in his case creates a disparity between the length of his sentence relative to other offenders today with similar conduct, the Court denies relief. As explained above, defendant has not shown that his sentence would be different under the current version of the Guidelines. The guideline ranges reflect the relative culpability and criminal history of each defendant. Defendant has not shown that the length of his sentence relative to the average sentence of similar offenders is an extraordinary and compelling reason for release.

to assert potential constitutional violations for his conditions of confinement, such claims should be brought—if at all—in a separate civil action, not as part of a motion for compassionate release. United States v. Lougee, No. 14-20068-05-DDC, 2022 WL 2064893, at *2 (D. Kan. June 8, 2022); see also United States v. Quijada-Castillo, No. 3:19-CR-20-CRS, 2021 WL 1930710, at *4 (W.D. Ky. May 13, 2021) (redress for perceived cruel and unusual punishment not properly sought in compassionate release motion because First Step Act does not contemplate reduction in sentence or release to compensate for past government misconduct). At this stage, defendant has not established that the conditions of his confinement at FCI Elkton during the COVID-19 pandemic constitute an extraordinary and compelling reason for release.

### 3. Conditions Of Confinement At FCI Leavenworth

Defendant asserts that BOP staff at FCI Leavenworth have violated BOP standards and subjected him to cruel and unusual punishment. Defendant has not shown that the conditions of his confinement at FCI Leavenworth—in combination with the circumstances of his case—is an extraordinary and compelling reason or that this reason is similar in gravity to the circumstances identified in the first four categories of the applicable policy statement, U.S.S.G. § 1B1.13(b)(5). Again, to the extent that defendant attempts to assert potential constitutional violations for his conditions of confinement, he should initially raise this issue—if at all—in a separate administrative grievance or civil action, not as part of a motion for compassionate release. On this record, defendant has not shown that his conditions of confinement at FCI Leavenworth constitute an extraordinary and compelling reason for release.

### 4. Failure Of Warden To Respond To Compassionate Release Request

Defendant argues that the Court should find extraordinary and compelling reasons for release because the warden at FCI Leavenworth did not respond to his request for

compassionate release. This stated reason does not fall within the specific categories of the applicable policy statement and it is not of similar gravity to the circumstances identified in the first four categories of the policy statement. A warden's failure to respond to an inmate's administrative request is not an extraordinary or compelling reason to release the inmate.

### 5. Care Of His Mother

Defendant seeks release to care for his mother who is suffering from cancer. Under the policy statement, a defendant's family circumstances constitute extraordinary and compelling reasons for a reduced sentence only if defendant establishes that (1) his mother is incapacitated and (2) he is the "only available caregiver" for her. U.S.S.G. § 1B1.13(b)(3)(B)–(D). Defendant has not provided sufficient details which satisfy either element. Defendant has not shown that other family members or friends are unable to care for his mother. The Court appreciates the challenges of an inmate attempting to ensure the care of a parent, but such challenges, by themselves, do not constitute an extraordinary and compelling reason for defendant's release.

In sum, defendant's stated reasons—alone and collectively—are not "extraordinary and compelling" within the meaning of the compassionate release statute.

### C. Section 3553(a) Factors

Even if defendant could somehow show that his stated grounds for relief collectively constitute "extraordinary and compelling" reasons for release, the Court would deny relief after considering the factors under 18 U.S.C. § 3553. The Court considers the nature and circumstances of the offense, defendant's personal history and characteristics, the purposes of sentencing including the need to protect the public from further crimes of the defendant, any threat to public safety and the need to avoid unwanted sentence disparities among defendants

with similar records who are convicted of similar conduct.  See 18 U.S.C. § 3553(a).

A sentence of time served—which is approximately 170 months including good time credit—is inconsistent with the seriousness of defendant's offense, defendant's personal history and characteristics, the need for deterrence and the need to protect the public.  Defendant committed a significant drug trafficking offense.  As part of the offense conduct, defendant was responsible for 4.6 kilograms of cocaine base.  He also received enhancements of his offense level because (1) the offense involved firearms, (2) he maintained a residence for the purpose of manufacturing and distributing cocaine and crack cocaine and (3) he was a manager or supervisor in criminal conduct that involved five or more participants. A reduction of defendant's sentence to time served would reflect a significant disparity from his current sentence of 270 months, which is below the low end of the relevant guideline range.  Defendant has completed more than half his sentence and the government has not shown that he has had any disciplinary incidents while in custody.  Even so, on balance, the factors under Section 3553(a) do not support a reduced sentence.

In sum, defendant has not shown "extraordinary and compelling" reasons for a reduced sentence and the factors under Section 3553(a) do not support a reduced sentence.  The Court therefore overrules defendant's motion for compassionate release.

**II.     Motion For Judicial Recommendation**

Defendant asks for a judicial recommendation that he serve the final 12 months of his sentence in a residential re-entry center and on home confinement.  The BOP designates the place of defendant's imprisonment.  18 U.S.C. § 3621(b).  Whether as part of a sentence or as noted elsewhere, the Court's recommendation has no binding effect on BOP authority to determine or change the place of defendant's imprisonment.  See id.  In considering placements,

the BOP considers a number of factors including any statement by the sentencing court concerning the purposes of the sentence of incarceration and any recommendation by the sentencing court regarding the type of penal or correctional facility.  18 U.S.C. § 3621(b)(4).  At sentencing, defendant did not ask for a recommendation regarding placement in a residential re-entry center during the final months of his sentence and the Court did not specifically address the issue.  At this stage, because defendant's expected release date is some seven years away, the Court overrules without prejudice his request for a recommendation as to his placement in the final year of custody.[5]

**IT IS THEREFORE ORDERED** that defendant's pro se Motion For Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A) And Motion For Appointment Of Counsel (Doc. #2386) filed September 20, 2024 is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's Motion For Judicial Recommendation To The Federal Bureau Of Prisons For 12 Months RRC Placement - Six Months Halfway House And Six Months Home Confinement (Doc. #2387) filed September 20, 2024 is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's letter (Doc. #2395) filed December 9, 2024, which the Court construes as a motion for leave to file a reply brief out of time, is **SUSTAINED**.

---

[5] The BOP routinely decides the timing of placement in a residential re-entry facility without the benefit of the sentencing court's recommendation on the issue.  The Court does not necessarily oppose pre-release placement in a residential re-entry facility or on home confinement, but the BOP is the entity which makes this determination.  See 18 U.S.C. § 3621(b) (order, recommendation or request by sentencing court that defendant serve term of imprisonment in community corrections facility not binding on BOP).  If defendant believes a judicial recommendation is necessary on this issue, he may refile his request shortly before his final year of custody.

Dated this 13th day of December, 2024 at Kansas City, Kansas.

                                                   <u>s/ Kathryn H. Vratil</u>
                                                   KATHRYN H. VRATIL
                                                   United States District Judge