IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 12-20066-29-KHV |
| ATAVEN TATUM, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

On January 7, 2014, the Court sentenced defendant to 270 months in prison. On December 13, 2024, the Court overruled defendant's Motion For Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A) And Motion For Appointment Of Counsel (Doc. #2386) and his Motion For Judicial Recommendation To The Federal Bureau Of Prisons For 12 Months RRC Placement - Six Months Halfway House And Six Months Home Confinement (Doc. #2387), both filed September 20, 2024. This matter is before the Court on defendant's Motion To Reconsider (Doc. #2397) filed January 7, 2025. For reasons stated below, the Court sustains in part defendant's motion.

The Federal Rules of Criminal Procedure do not expressly provide for a motion to reconsider. Even so, in the criminal context, courts ordinarily apply the same standards that apply in civil cases. See United States v. Christy, 739 F.3d 534, 539 (10th Cir. 2014). The Court has discretion to reconsider a decision if the moving party can establish (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).

On January 17, 2025, former President Joe Biden commuted defendant's sentence so that it will now expire on July 16, 2025.  See Executive Grant Of Clemency (Doc. #2401) at 36.  Because defendant has less than six months remaining on his sentence, he is eligible for placement at a residential reentry center ("RRC").  See 18 U.S.C. § 3624(c)(1) (to extent practicable, BOP shall ensure prisoner serves final part of term—up to 12 months—under conditions that afford him reasonable opportunity to adjust to and prepare for reentry into community).  Based on defendant's revised expected release date, the Court recommends that the BOP consider defendant for placement at an RRC for the remaining term of his sentence.

To the extent that defendant seeks compassionate release before July 16, 2025, he has not established adequate grounds for reconsideration.  A motion to reconsider is not a second opportunity for the losing party to make his strongest case, to rehash arguments or to dress up arguments that previously failed.  See Christy, 739 F.3d at 539.  Because defendant filed his motion to reconsider before the commutation of his sentence, he has not attempted to show that a further reduction of his sentence is warranted.  For substantially the reasons stated in the Court's Memorandum And Order (Doc. #2396) and because defendant currently is eligible for placement in an RRC, the Court overrules his motion to reconsider the ruling on his motion for compassionate release.

**IT IS THEREFORE ORDERED** that defendant's Motion To Reconsider (Doc. #2397) filed January 7, 2025 is **SUSTAINED in part**.  **The Court recommends that the BOP consider defendant for placement at a residential reentry center for the remaining term of his sentence.  The Court otherwise overrules defendant's motion to reconsider.**

Dated this 27th day of January, 2025 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
